IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ELIZABETH MESH,

    Plaintiff,

vs.                                                    Case No. 1:17-cv-00484-SWS-MLC

GLOBAL RETREATS, LLC and
ALLIED SOLUTIONS GROUP, LLC,

    Defendants.

## AMENDED COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, THE UNFAIR PRACTICES ACT AND TORTS

TO THE HONORABLE COURT:

1.    Plaintiff Elizabeth Mesh ("Plaintiff") is a real person residing in Santa Fe County, New Mexico who may be contacted through her undersigned attorney.

2.    Defendant Global Retreats, LLC is an Oklahoma limited liability company. Defendant may be served a Summons by delivery to its registered agent Lance Hamilton at 3425 E. 96th Place, Tulsa, OK 74137.

3.    Defendant Allied Solutions Group, LLC is a Missouri limited liability company. Defendant may be served a Summons by delivery to its registered agent Frances A. Ruth at 15804 E. 77th Place, Kansas City, MO 64139.

4.      One of Plaintiff's telephones is a wireless cell phone. Plaintiff's cell phone number at all relevant times has been continuously listed on the national do-not-call registry.

5.      Defendants have no regard or concern for the fact that any particular phone number may operate a wireless or cell phone or may be listed on the national do-not-call registry.

6.      Defendants intentionally, knowingly and willfully utilizes the services of third-party telemarketers who auto-dial and robo-call cell phones and phone numbers listed on the national do-not-call registry, for the purpose of making telephone solicitations for Defendants (hereinafter "telemarketers").

7.      Defendants are vicariously liable for the conduct of their third-party telemarketers.

8.      Defendants' telemarketers intentionally, knowingly and willfully utilize an automatic telephone dialing system and/or auto-dialer ("ATDS" or "auto-dialer") to place telephone calls to cell phones, without regard for whether the phones are cell-phones or may be listed on the national do-not-call registry.

9.      Defendants intentionally use an auto-dialer to seek potential customers for their products and services.

10.     Defendants' telemarketers have intentionally, knowingly and willfully used an ATDS and/or auto-dialer to repeatedly call Plaintiff's cell phone for the purpose of attempting to sell Defendants' products and/or services.

11.     When they auto-dialed Plaintiff's cell phone, Defendants falsely stated they were "RCI" or "an RCI affiliate" and sought to entice Plaintiff to meet them at a restaurant in Albuquerque to hear a sales presentation about time-shares.

12.     Defendants' repeated, auto-dialed telemarketing calls to Plaintiff's cell phone have falsely appeared on her Caller ID as calls from the 505 area code ("the robot calls").

13.     In fact Defendants' and their telemarketers' robot calls were placed to Plaintiff from outside the State of New Mexico and outside the 505 area code.

14.     Defendants and their telemarketers intend and intended by their use of false and misleading Caller ID information to wrongfully obtain a thing of value: a sales lead.

15.     After Plaintiff was subjected to the robot calls with the fake Caller IDs, Defendants then intentionally, knowingly and willfully failed to disclose the names of the sponsors of the calls or the telemarketer's true names within fifteen (15) seconds.

16.     Plaintiff and her cell phone were in Santa Fe, New Mexico when Defendants and their telemarketers called Plaintiff and her cell phone with their auto-dialers.

17.     Defendants do business within the State of New Mexico because their telemarketers regularly, automatically, repeatedly telephone the telephones of New Mexico residents located within the State of New Mexico for the purpose of advertising Defendant's products and services to New Mexico consumers. Defendants markets and sells their goods and services throughout the State of New Mexico.

18.     This Court has jurisdiction and venue is proper.

19.     Defendants' auto-dialed robot-calls to New Mexico residents do not disclose Defendants' name or their telemarketers' true names within fifteen (15) seconds of the time the person being called answers.

20.     Plaintiff has never had any established business relationship with Defendants.

21. Plaintiff has never consented to being auto-dialed or robo-called or to being interrupted during work hours because an ATSD nuisance robot-caller trespassed on her cell phone.

22. Plaintiff hereby brings this action pursuant to 47 U.S.C. § 227 to enjoin Defendants' unlawful behavior and require compliance with federal law regarding auto-dialers and robo-calls to wireless or cell phones and regarding unsolicited telemarketing to numbers listed on the national do-not-call registry.

23. Plaintiff hereby brings this action pursuant to 47 U.S.C. § 227 to receive from Defendants $4500 for each of Defendants' or their telemarketers' calls to Plaintiff's cell-phone.

24. Each of Defendant's or its telemarketers' calls to Plaintiff included at least three (3) separate violations of the Telephone Consumer Protection Act ("the TCPA" or "the Act") because, first, the calls themselves were illegal, second, Defendants used inaccurate Caller ID information to mislead Plaintiff and the other class-members into thinking it was a local call so they would answer the phone and, third, Defendants failed to adequately identify themselves during the unlawful calls to Plaintiff.

25. Defendants' unlawful behavior set forth above is a nuisance, harassment, waste of Plaintiff's time, and is intentional, willful, wanton, knowingly wrong and reckless.

26. Plaintiff has incurred actual damages as a result of Defendants' unlawful behavior set forth above.

27. Plaintiff hereby sues Defendants for nuisance, trespass and intentional infliction of aggravation and distress.

28.     Plaintiff should have and recover judgment against Defendants for all her actual damages, for nominal damages, and for an amount of punitive or exemplary damages sufficient to set an example and deter in the future the conduct complained of by Defendant or others. All actual, nominal and punitive or exemplary damages to Plaintiff total at least $50,000.00.

29.     Plaintiff hereby brings this action pursuant to the New Mexico Unfair Practices Act, NMSA §§ 57-12-22 and 57-12-10, to recover Plaintiff's attorney fees and costs necessary for this matter, for her damages, and to enjoin Defendants' unlawful behavior and require compliance with federal and state law regarding the use of auto-dialers and robo-calls to cell or wireless phones.

Request for Class Certification pursuant to New Mexico Rule of Civil Procedure 1-023

30.     Plaintiff brings this case individually and also as a class action on behalf of certain others similarly situated including several subclasses.

31.      Plaintiff brings this case individually and also as a class action on behalf of all New Mexico residents who have never had any established business relationship with Defendants, who have phone numbers that dial to a wireless or cell phone, to whom Defendants or Defendants' telemarketers have directed telephone solicitations with an auto-dialer and when the class-members answered they did not hear Defendants' names or the true names of the telemarketers within 15 seconds.

32.     Defendants and their telemarketers used a scripted, standardized sales pitch with all class-members.

33. Plaintiff brings this case individually and also as a class action on behalf of all New Mexico residents who have never had any established business relationship with Defendants, who have phone numbers that dial to a wireless or cell phone, to whom Defendants or Defendants' telemarketers have directed telephone solicitations with an auto-dialer that caused the class-members' Caller IDs to indicate the call was a local call or from 505 area code.

34. The robot-calls from Defendants and their telemarketers were placed to the class-members from outside the State of New Mexico or outside the 505 area code.

35. All the non-named class members should recover $1500 each from Defendants.

36. The injunctions Plaintiff seeks should extend to the benefit of all class members.

37. Common questions of law and fact exist as to all members of the Class, which predominate over any questions affecting only individual members of each Class.

38. All class claims arise from the same practices and methods by Defendants and are all based on similar legal and factual theories.

39. When the common questions are resolved as to Plaintiff, they will also be resolved as to the members of the plaintiff class.

40. The prosecution of separate actions by individual members of the class would create risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for Defendants.

41. Defendants have acted on grounds generally applicable to the class as a whole, thereby making appropriate final relief with respect to the class as a whole.

42.     The claims of the named Plaintiff are typical of the claims of the class she seeks to represent, which has the same or similar claims.

43.     The members of the plaintiff class have suffered the same injuries and possess the same interests as the Plaintiff.

44.     Plaintiff will fairly and adequately represent and protect the interests of the plaintiff class members and she has no interests antagonistic to those of the class members.

45.     The expense and burden of individual litigation makes it economically infeasible and procedurally impracticable for each member of the plaintiff class to seek redress individually.

46.     The existing issues can be determined in a class action in a manageable, time-efficient yet fair manner.

47.     Defendants have knowledge of who all the class-members are and the identities of the class members will be discovered from Defendants.

WHEREFORE, Plaintiff prays for entry of judgment for her actual, nominal, punitive and exemplary damages totaling at least $50,000.00; for injunctive relief pursuant to the Telephone Consumer Protection Act and the New Mexico Unfair Practices Act; and for such other and further relief as the court deems just, proper and lawful. Plaintiff prays the court certify the classes of plaintiffs and enter judgment consisting of injunctive relief and $1500 damages for each member of the class. Plaintiff requests an award of her attorney fees and costs.

RESPECTFULLY SUBMITTED,

By: /s/ Sid Childress
_____
Sid Childress, Lawyer
PO Box 2327
Santa Fe, NM 87504
childresslaw@hotmail.com
(505) 433 - 9823
Attorney for Plaintiff